Ahren A. Tiller, Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026

Attorneys for Plaintiff
RYAN HICKS

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

RYAN HICKS

               Plaintiff,

   vs.

WELLS FARGO BANK, N.A.,

           Defendant,

Case No.: **'20 CV1764 H     MSB**

**COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32) AND (2) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)**

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. RYAN HICKS (hereinafter referred to as "Plaintiff"), by and through her Counsel of record, brings this action against WELLS FARGO BANK, N.A., (hereinafter referred to as "WELLS" or "Defendant") pertaining to actions by Defendant to unlawfully collect a consumer debt allegedly owed by Plaintiff, including but not limited to, collection via the use of an Automated Telephone Dialing System ("ATDS") and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer Protection Act, ("TCPA" [47 U.S.C. § 227 *et seq.*]), and the Rosenthal

Fair Debt Collection Practices Act ("RFDCPA" [Cal. Civ. C. §§ 1788-1788.32]), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2.  The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system.  The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others.  The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.[1]

3.  The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff.  "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

4.  In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13.  See also, *Mims,* 132 S. Ct., at 744.

5.  As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

>      The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the

---

[1] CA Civil Code §§ 1788.1(a)-(b)

> use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered— and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012)

6.  Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding himself, which are made on personal knowledge.

## JURISDICTION AND VENUE

7.  This action is based on Defendant's violations of the RFDCPA found in California Civil Code §§ 1788 - 1788.32; and the TCPA found in Title 47 of the United States Code Section 227, *et seq.*.

8.  This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

9.  This Court has jurisdiction over the Defendant, as the unlawful practices alleged herein occurred in California, in the County of San Diego and violated California's Civil Code §§ 1788 - 1788.32.

10. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy.

11. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California.  Furthermore, Defendant regularly conducts business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

**PARTIES**

12. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

13. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

14. Defendant WELLS is a National Banking Association.

15. Defendant WELLS regularly attempts to collect through the use of the U.S. mail, electronic communications, and telephones, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).

16. When individuals owe WELLS debts for regular monthly payments on consumer loans and credit cards, and other similar obligations, WELLS collects on those consumer debts owed to it through the mail, electronic communications, and via the use of telephones.  Therefore, WELLS is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

17. Defendant is, and all times mentioned herein, was a corporation and therefore a "person," as that term is defined by 47 U.S.C. § 153(39).

18. At all times relevant hereto, Defendant used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A)

19. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  Thus, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

**GENERAL ALLEGATIONS**

20. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

21. Plaintiff previously took out a consumer credit card account with Defendant WELLS.

22. Plaintiff made payments toward the credit card from when he took it out, and maintained good standing until Plaintiff fell on financial hardship and was unable to maintain the regular monthly payments.

23. Upon going into default, agents for WELLS called Plaintiff multiple times and requested payment through the use of an ATDS and/or a Recorded Voice, often 1-5 times per day, almost every single day.

24. Plaintiff sought out and retained an attorney to represent him with regards to the debt allegedly owed to WELLS.

25. On or about December 10, 2019, Plaintiff's Counsel's office sent a Cease and Desist Letter to WELLS via facsimile to three (3) different facsimile numbers owned and operated by WELLS.  The facsimile numbers were: (909) 861-9253; (415) 677-9075; and (704) 715-4493.

26. WELLS received the Facsimile Cease and Desist on December 10, 2019.

27. On information and belief, Defendant WELLS owns, operates, or otherwise has access to facsimiles numbers: (909) 861-9253; (415) 677-9075; and (704) 715-4493.

28. Despite receipt of the December 10, 2019 cease and desist letter by facsimile at multiple numbers, Defendant WELLS continued to call Plaintiff multiple times per day to collect on its claim, often using an ATDS and/or pre-recorded voice message to do so.

29. On January 14, 2020, Plaintiff's Counsel sent a second Cease and Desist Letter to Defendant WELLS via U.S. mail, addressed to:

Wells Fargo

P.O. Box 51193

Los Angeles, CA 90051

30. The address contained in paragraph 29 was a valid mailing address for WELLS, and WELLS received the January 14, 2020 letter by U.S. mail shortly thereafter.

31. Despite receipt of the Cease and Desist Letters at multiple facsimile numbers, *and* by US Mail, agents for WELLS continued to constantly call Plaintiff on his cellular phone to collect on WELLS subject Credit Card debt, via the use of an ATDS and/or Prerecorded Voice.

32. After receipt of the Cease and Desist Letters, representatives of WELLS have called Plaintiff in excess of two-hundred (200) times on his cellular telephone via the use of and ATDS and/or Pre-Recorded Voice message.

33. WELLS has called Plaintiff over two-hundred (200) times in total, after receipt in writing of notice that Plaintiff revoked any prior consent to call Plaintiff via the use of an ATDS and/or Recorded Voice, had retained Counsel for any debts owed to WELLS, and an explicit warning that all direct contact with Plaintiff should cease pursuant to the RFDCPA.

34. Further, Plaintiff spoke to agents for WELLS on more than one occasion and stated that they should not be calling him on his cellular telephone, and reiterated that he had retained Counsel who had sent Cease and Desist Letters to WELLS.

35. In said telephone calls, Plaintiff orally revoked any alleged prior consent to call Plaintiff via the use of an ATDS and/or Recorded voice. Despite said oral revocation, agents for the Defendant continued to call Plaintiff using an ATDS and/or Recorded Voice

36. Despite having received Cease and Desist Letters sent to multiple facsimile numbers, verbal notice from Plaintiff, and a mailed letter from Plaintiff's Counsel, WELLS continues to call Plaintiff to date, often multiple times per day in rapid succession.

37. WELLS, or its agents or representatives, have contacted Plaintiff on his cellular telephone over two-hundred (200) times since December 10, 2019, including through the use of an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

38. Many of the Defendant's calls to Plaintiff after receiving the facsimile and mailed cease and desist letters contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

39. The multiple calls made by Defendant or its agents after December 10, 2019, were therefore made in violation of 47 U.S.C. § 227(b)(1).

40. Despite receipt of Cease and Desist Letters sent to two separate facsimile numbers, verbal notice from Plaintiff, and a mailed letter from Plaintiff's Counsel, along with oral instructions to cease calling Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, all of which provided irrefutable notice that Plaintiff had revoked consent to call her cellular telephone by any means and that she had retained Counsel regarding these alleged debts, Defendant continues to contact Plaintiff repeatedly to date.

41. As a result of WELLS's relentless and harassing collection calls, Plaintiff has experienced anger and disbelief, and feelings of powerlessness, which have resulted in a loss of sleep, loss of appetite, headaches, anxiety and feelings of hypervigilance.

## CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF CAL. CIV. CODE §1788.14(c)

42. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

43. When Plaintiff's Counsel sent the Cease and Desist Letters to WELLS, at multiple facsimile numbers, and by mail, Defendant WELLS was aware, or

reasonably should have been aware, that Plaintiff was represented by an attorney.

44. When Plaintiff orally stated to representatives for WELLS that he was represented by Counsel, WELLS was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff was exerting his rights not to be contacted directly regarding this debt.

45. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> > (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

46. By calling Plaintiff on his cellular phone two-hundred (200) times after receipt of the Cease and Desist Letters from Plaintiff's Counsel, WELLS violated Cal. Civ. Code §1788.14(c).

47. As a result of the constant collection calls by WELLS, Plaintiff has experienced anxiety, fear and uneasiness, has had difficulty sleeping, and has at times been unable to calm down as the constant and harassing collection calls by WELLS are overwheling. Therefore, Plaintiff has suffered emotional distress as a result of Defendant's violations of Cal. Civ. Code §1788.14(c).

## II.
## SECOND CAUSE OF ACTION
### Negligent Violations of the TCPA
### (47 U.S.C. § 227 Et. Seq.)

48. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

49. Through the multiple Cease and Desist Letters from Plaintiff's Counsel, sent by facsimile and US mail, and orally, Plaintiff revoked any alleged consent for WELLS or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

50. The foregoing acts and omissions of WELLS constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

51. As a result of WELLS' negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).


**III.**
**THIRD CAUSE OF ACTION**
**Knowing and/or Willful Violations of the TCPA**
**(47 U.S.C. § 227 Et. Seq.)**

53. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

54. Through the multiple Cease and Desist Letters sent by Plaintiff's Counsel, sent by both facsimile and US Mail, and oral notice from Plaintiff, Plaintiff revoked any alleged consent for the WELLS or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

55. The foregoing acts of the WELLS constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

56. Therefore, since WELLS or its agents or representatives continued to call Plaintiff despite indisputably being informed not to call Plaintiff on multiple

occasions through multiple different means, and that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, WELLS's acts were willful.

57. As a result of WELLS's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages, for each and every one of their over two-hundred (200) violations, pursuant to 47 U.S.C. § 227(b)(3)(C).

58. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant herein, respectfully request this Court enter a Judgment against Defendant as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof.

b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b).

c. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c).

d. As to the Second Cause of Action, $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B).

e. As to the Second Cause of Action, injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

f. As to the Third Cause of Action, $1,500.00 in statutory damages for each and every one of Defendant's two-hundred (200) knowing and/or willful violations of 47 U.S.C. § 227(b)(1) totaling actual damages in excess of $300,000.00 in

1   statutory damages for said willful and/or knowing 200+ violations of the TCPA,

2   pursuant to 47 U.S.C. § 227(b)(3)(C).

3   g.  For such other and further relief as the Court may deem just and proper.

4

5   Dated: September 9, 2020            By:    */s/ Ahren A. Tiller*

6                                              Ahren A. Tiller, Esq.
                                               BLC Law Center, APC
7                                              Attorneys for Plaintiff
                                               RYAN HICKS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by jury.

Dated: September 9, 2020       By:    */s/ Ahren A. Tiller*
                                            Ahren A. Tiller, Esq.
                                            BLC Law Center, APC
                                            Attorneys for Plaintiff
                                            RYAN HICKS